Presutti v. Felton                           CV-94-264-L    08/23/95 P

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Karen Presutti

        v.                                      #C-94-264-L

Felton Brush, Inc.


<u>**ORDER**</u>

Currently before the court is defendant's motion for summary judgment.  Document no. 16.  For the reasons stated below, the motion is granted.


BACKGROUND

Plaintiff, Karen Presutti, was hired on June 23, 1992 by defendant, Felton Brush, Inc., as a packer/assembler.  Plaintiff was so employed until her termination on or about April 23, 1993.

On November 2, 1992, plaintiff suffered a significant sprain to her lower back in a non-work related automobile accident.  As a result of this back injury, the plaintiff was out of work, beginning November 2, 1993, for approximately five weeks.  According to allegations presented in plaintiff's complaint, the defendant was aware of the reasons behind plaintiff's absence from work.  Specifically, plaintiff alleged that she kept in contact with a lower-level manager, Karl Turgeon, concerning her condition and intention to return to work.

Plaintiff returned to work on December 7, 1992. The plaintiff worked from December 7, 1992 until April 2, 1993, performing the essential functions of her position. On April 3, 1993, plaintiff experienced another episode with her back. On April 5, 1993, plaintiff began a second leave of absence for her condition. On April 19, 1993, plaintiff contacted Mr. Turgeon and indicated to him that she was scheduled for a doctor's appointment on April 21, 1993 and expected to be back to work within a couple of days thereafter.

However, before plaintiff returned to work, she received a letter from defendant. The letter stated that she was being terminated for excessive absenteeism.

Following her termination, plaintiff brought the underlying action. Plaintiff alleged, in her complaint, that given her disabled condition, the defendant violated provisions of the Americans with Disabilities Act by terminating her.

The defendant, maintaining that the plaintiff bears the burden of proving each element of her claim under the Americans with Disabilities Act, now moves for summary judgment on Counts I and III of plaintiff's complaint.

DISCUSSION

Summary judgment is appropriate when the record reveals "no

2

genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

In summary judgment proceedings, the moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), motion denied, 480 U.S. 903, 107 S.Ct. 1343, 94 L.Ed.2d 515 (1987). If the moving party carries its burden, the non-moving party must set forth specific facts showing that there remains a genuine issue of material fact for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert denied, --- U.S. ---, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). In the context of summary judgment, "`genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party [and] `material' means that the fact is one that might affect the outcome of the suit under the governing law." United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The non-moving party "may not rest upon the mere allegations or denials

3

of the adverse party's pleadings, but the [non-moving] party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The non-mov[ing] party cannot content himself with unsupported allegations; rather, he must set forth specific facts, in suitable evidentiary form, in order to establish the existence of a genuine issue for trial."  Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992).  "Summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbably inferences, and unsupported speculation."  Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

With the above principles in mind, the court reviews the arguments presented in defendant's motion for summary judgment.

Defendant contends summary judgment is appropriate in this action because, viewing the evidence in a light most favorable to the plaintiff, no trier of fact could reasonably find:  (1) that plaintiff is a "qualified individual" with a disability under the Americans with Disabilities Act; and (2) that there was intentional discrimination, in violation of 42 U.S.C. § 1981a.

I.    Count I - Americans with Disabilities Act

The Americans with Disabilities Act (ADA), Pub. Law No. 101-

4

336, 104 Stat. 327 (1990) (codified at 42 U.S.C. §§ 12101-12117 (Supp. 1995)), is a Federal antidiscrimination statute designed to "remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." 29 C.F.R. pt. 1630 App. (1994). The ADA is designed to create a procedure by which an employer must consider a disabled individual's ability to perform the necessary functions of the specific job held or desired. Id. However, "[w]hile the ADA focuses on eradicating barriers, the ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job." Id. Rather, the ADA is "intended to enable disabled persons to compete in the workplace on the same performance standards and requirements that employers expect of persons who are not disabled." Id. Section 12112(a) of the ADA sets forth the "general rule" of the Act as follows:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

42 U.S.C. § 12112(a) (Supp. 1995).

"Covered entity," as noted in § 12112(a), includes all employers. Further, these employers are prohibited from

5

discriminating against otherwise qualified individuals with disabilities.  42 U.S.C. § 12111(2) (Supp. 1995).

The primary contention raised by defendant, in its motion for summary judgment, is that plaintiff is not a "qualified individual with a disability" within the purview of the ADA. Succinctly, defendant contends "`Disability' is a term of art under the ADA.  Mere injury or temporary impairment -- such as the back sprain suffered by Presutti -- does not constitute a disability."  Defendant's Memorandum of Law in Support of Motion for Summary Judgment at 9.

The ADA provides that a "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8) (Supp. 1995).  The ADA defines "disability" as "(A) [a] physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2) (Supp. 1995).

In defining the physical conditions or disabilities intended to be within the purview of § 12102, the ADA's interpretive guidelines provide that "temporary, non-chronic impairments of

6

short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza." 29 C.F.R. pt 1630 App. (1994). In determining the nature and extent of a disability, the interpretive guidelines also provide that:

> Part 1630 notes several factors that should be considered in making the determination of whether an impairment is substantially limiting. These factors are (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long term impact, or the expected permanent or long term impact of, or resulting from, the impairment . . . . Thus, for example, a broken leg that takes eight weeks to heal is an impairment of fairly brief duration. However, if the broken leg heals improperly, the "impact" of the impairment would be the resulting permanent limp.

29 C.F.R. pt 1630 App. (1994).

Turning attention to the case at hand, the evidence presented indicates that plaintiff's back injury, as impairing as it may have been, was nonetheless of a relatively short duration. Apposite to this determination, plaintiff's deposition indicates that she was out of work, following her initial injury, from November 2, 1992 until December 7, 1992. Deposition of Karen Presutti at 39, 51. Further, according to her deposition, plaintiff was fully recovered on December 7, 1992, the date she returned to work. Id. at 51. Consequently, the first episode of

7

complications associated with the back injury resulted in a leave of absence from work of just a little more than one month. Based on her own testimony, it is clear that the disability of which plaintiff complains was merely temporary in nature.

Although plaintiff contends that she had a reoccurrence or exacerbation of her November 2, 1992 injury on or around April 5, 1993, this complication likewise should not be viewed as an indication of plaintiff's permanent disability. Here again, plaintiff's testimony reveals that since April, 1993, she has experienced no problems with her back. Deposition of Karen Presutti at 82. Additionally, within her recent objection to defendant's motion for summary judgment, plaintiff offers the following:

> Notwithstanding the fact that as of the_end of April of 1993, Ms. Presutti's back was completely healed, Ms. Presutti contends that at the time she was suffering from the significant lower back sprain, that it did in fact constitute a disability as that term is used in the ADA.

Plaintiff's Objection to Defendant's Motion for Summary Judgment on Count I and Count III at 8 (emphasis added).

To put it aphoristically, plaintiff's contention that her sprain, even though temporary in nature, nonetheless constitutes a disability, as that term is used in the ADA, is without merit. Ms. Presutti's back injury, as devitalizing as it may have been, was of short or temporary duration, only preventing her from

8

working for approximately seven weeks.  Therefore, in evaluating

plaintiff's condition within the ambit of the ADA, the language

of the Act and the interpretive guidelines relating to the Act,

this court opines plaintiff's condition did not rise to the level

of a permanent disability under the ADA.  Moreover, given the

fact that plaintiff's post-injury physical condition is equal to

her condition pre-injury, the interpretive guidelines suggest

that

> [a]n individual is not substantially limited in a major
> life activity if the limitation . . . does not amount
> to a significant restriction when compared with the
> abilities of the average person.  For example, an
> individual who had once been able to walk at an
> extraordinary speed would not be substantially limited
> in the major life activity of walking if, as a result
> of a physical impairment, he or she were only able to
> walk at an average speed, or even at moderately below
> average speed.

29 C.F.R. pt. 1630 App. (1994).

Aside from the fact that plaintiff's condition did not, in

fact, constitute a disability, the record is also barren of any

indications establishing that the plaintiff was perceived or

regarded, by her employer, as having a permanent disability.

Plaintiff merely makes the bald assertion that the sole reason

behind her termination was her disability.  Although plaintiff

was no doubt absent from work for a few weeks on end, her

correspondence with her supervisors indicated her intentions to

9

be fully-healed and not subject to physical limitations on her return to work. See Deposition of Karen Presutti at 98.

Upon careful review of plaintiff's deposition, this court is content that a reasonable person, regarding plaintiff's various actions, would not perceive plaintiff as having a permanent disability. Fundamentally significant on the issue of whether plaintiff's condition was perceived as a disability is the fact that plaintiff, herself, never asked for or requested assistance to accommodate her condition from her supervisors at Felton Brush, Inc. Deposition of Karen Presutti at 75-76.

As a tangential but relevant aside, in attempting to correlate her condition with a disability, as defined under the ADA, plaintiff draws substantial attention to provisions of the Rehabilitation Act. Plaintiff's directive to the Rehabilitation Act stems from the fact that the definition of "disability" under the ADA derived from and corresponds to the definition of "handicap" under the Rehabilitation Act. Plaintiff offers that under the Rehabilitation Act, in determining whether an individual suffers from a handicap, a court must consider whether "a particular impairment constitutes for the particular person a significant barrier to employment." Plaintiff's Objection to Defendant's Motion for Summary Judgment on Count I and Count III at 9. Plaintiff also states that under the Rehabilitation Act,

10

the "handicap" inquiry is an individualized one; resolved via a case-by-case determination.  Perez v. Philadelphia Housing Authority, 677 F. Supp. 357 (E.D.Pa. 1987) (citing Forrisi v. Brown, 794 F.2d 931, 933 (4th Cir. 1986)).

Plaintiff is correct in analogizing definitional aspects of the ADA with those of the Rehabilitation Act.  Irrefragably, the Rehabilitation Act prevents discrimination which is based on a "handicap," whereas the ADA prevents discrimination based on a "disability."  See  Interpretive Guidance of Title I of the Americans with Disabilities Act, 29 C.F.R. pt. 1630 App. (1994). With the substantial similarities between the ADA and the Rehabilitation Act in mind, this court notes those provisions of the Rehabilitation Act which state that in order to recover under the Act, a plaintiff's impairment must be permanent in nature. As stated in Paegle v. Department of Interior, 813 F.Supp. 61, 64 (D.D.C. 1993), "the [Rehabilitation] Act identifies a handicap as a severe disability of a permanent nature."  Emphasis added. Further the regulations pertinent to the Rehabilitation Act "define `physical or mental impairment' to include any of a number of permanent, disabling conditions."  Id. (emphasis added).  Finally, in addressing the duration of a handicap, the court in Paegle stated the following:

> It is well established that the Act was never intended to extend to persons suffering from temporary

11

conditions or injuries. "In general, a temporary condition is not considered a handicap under the Rehabilitation Act." <u>Visarraga v. Garrett</u>, No. C-88-2828, 1992 U.S.Dist. LEXIS 9164, at *13 (N.D.Cal. June 16, 1992) (holding that plaintiff's lower back strain-sprain was not a handicap under the Rehabilitation Act). <u>See also</u> <u>Evans v. Dallas</u>, 861 F.2d 846, 852-53 (5th Cir. 1988) (plaintiff's knee injury which required surgery but did not constitute "impairment of a continuing nature" was not a handicap); <u>Grimard v. Carlston</u>, 567 F.2d 1171, 1174 (1st Cir. 1978) (fractured and dislocated ankle not a handicap); <u>Saffer v. Town of Whitman</u>, No. 85-4470, 1986 WL 14090, at *1 (D.Mass Dec. 2, 1986) (temporary condition such as pregnancy not a handicap).

<u>Id</u>. at 64-65.

In analyzing the cases decided under the ADA and the Rehabilitation Act, this court is once again drawn to the conclusion that plaintiff's condition does not constitute or qualify as a disability under the ADA. Whether proceeding under the ADA or the Rehabilitation Act, an essential aspect of a claim under either requires that a plaintiff's "disability" or "handicap" be permanent in nature.

To recapitulate, in considering the plain wording of the applicable statutes, the interpretive guidelines, and various court decisions, this court opines that a temporary injury, such as plaintiff's, cannot be the basis for a viable cause of action under the Americans with Disabilities Act. Therefore, subject to the plaintiff's failure to satisfy her burden of establishing a disability, summary judgment, on Count 1 of plaintiff's

12

complaint, is appropriately granted in defendant's favor.

II.  Civil Rights Act of 1991

Count III of plaintiff's complaint alleges violation, by defendant, of rights afforded by the Civil Rights Act of 1991.

Defendant contends that because plaintiff is not entitled to protection under the ADA, she cannot rightfully allege intentional discrimination under the Civil Rights Act. Therefore, according to defendant, summary judgment is appropriate as to Count III of plaintiff's complaint.

The Civil Rights Act, codified at 42 U.S.C. 1981a, provides that

> [i]n an action brought by a complaining party under the powers, remedies, and procedures set forth in . . . the Civil Rights Act of 1964 . . . against a respondent who engaged in unlawful intentional discrimination . . ., or committed a violation . . . against an individual, the complaining party may recover compensatory and punitive damages  . . . .

42 U.S.C. § 1981a(a)(2) (1995) (citations omitted).

Implicit in § 1981a is the requisite that an action will not exist under the Civil Rights Act absent a primary claim under another substantive act.  See 42 U.S.C. § 1981a (1995).  After all, section 1981a "is wholly dependant . . . on other substantive Acts" like the ADA or Rehabilitation Act.  West v. Boeing Co., 851 F. Supp. 395, 401 (D.Kan. 1994).  Section 1981a merely

13

expands the remedies available under substantive acts and should only be regarded as an extension of and amendment thereto. Id.

Yielding that Section 1981a is not intended to stand alone as an independent cause of action and given that, in this case, summary judgment with respect to Count I (alleged violation of the Americans with Disabilities Act) of plaintiff's complaint has been granted in defendant's favor, there remains in plaintiff's action no substantive act, as required in § 1981a, which may form the basis for unlawful intentional discrimination. Consequently, defendant's request for summary judgment, on Count III of plaintiff's complaint, must likewise be granted.

CONCLUSION

For the aforementioned reasons, defendant's motion (document no. 16) for summary judgment on Count I and Count III of plaintiff's complaint is granted.

August 23, 1995

_____
Martin F. Loughlin
Senior Judge

Heather M. Burns, Esq.
Daniel Schwarz, Esq.

14