**Vicki D. GALLIHER, Plaintiff,**

v.

**Robert E. RUBIN, Secretary U.S. Dep't of the Treasury, Defendant.**

**Civil Action No. CV296–168.**

United States District Court,
S.D. Georgia,
Brunswick Division.

April 11, 1997.

R. Joseph Hammill, Brunswick, GA, David L. Ross, Beverly Hills, CA, for Plaintiff.

Melissa Stebbins Mundell, Savannah, GA, for Defendant.

## ORDER

ALAIMO, District Judge.

Plaintiff, Vicki D. Galliher ("Galliher"), brings the instant wrongful termination action against Defendant, Robert E. Rubin, Secretary U.S. Department of the Treasury, pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e *et seq.* Galliher alleges that she was forced to resign from her position as an Athletic Trainer at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, because of alleged discriminatory actions taken by Defendant. Currently before the Court is Defendant's Motion for Partial Dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which will be GRANTED IN PART and DENIED IN PART, for the reasons set forth below.

### FACTS

Galliher also has filed a separate Title VII action in this Court against Defendant, alleging that Defendant took retaliatory measures against her in response to an Equal Employment Opportunity ("EEO") complaint that she filed, which alleges that she is the victim of gender discrimination. *Galliher v. Rubin,* CV295–155 (S.D.Ga. Oct. 23, 1996) (*"Galliher I"*). *Galliher I* and the instant case are consolidated for the purposes of trial because the two cases share a common factual basis. *Id.* at 2. A full description of the facts giving rise to this litigation is available in the Court's Order in *Galliher I* denying Defendant's Motion for Partial Summary Judgment. *Id.* at 2–4 (S.D.Ga. Oct. 1, 1996).

### DISCUSSION

#### I. *Rule 12(b)(6) Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "Even if everything you allege is true, the law affords you no relief."

Consequently, in determining the merits of a 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true, *e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335, 349 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990), and construe them in the light most favorable to the plaintiff. *E.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991).

#### II. *Damages Cap Provisions of the Civil Rights Act of 1991*

■ Defendant maintains that the damages cap provision of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, limits Galliher's recovery to a total sum of $300,000 in compensatory damages for her "entire action." (Def.'s Br. in Supp. of Mot. for Partial Dismissal at 4.) Galliher concedes that the $300,000 damages cap applies to the instant action, but she argues that she is entitled to receive up to $300,000 in compensatory damages in *each* of her actions. (Br. in Supp. of Pl.'s Resp. to Def.'s Mot. for Partial Dismissal at 4.) The question before the Court, thus, is whether Galliher may recover a maximum of $300,000 or $600,000 in compensatory damages at trial. The effect of the § 1981a damages cap on the amount of compensatory damages available to a plaintiff who brings two separate Title VII actions, which are consolidated for purposes of trial, is an issue of first impression.

Section 1981a authorizes the recovery of compensatory damages by victims of intentional discrimination in employment, in addition to the remedies available under Title VII. § 1981a(a)(1). The total amount of compensatory damages, however, is limited by the damages cap provision, which provides that

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party ... $300,000.

§ 1981a(b)(3)(D). A "complaining party" is defined as "a person who may bring an action or proceeding under title VII ...." § 1981a(d)(1)(A).

It is clear that although § 1981a authorizes the recovery of compensatory damages, it does not create an independent cause of action but, rather, recovery of compensatory damages is wholly dependent on a finding of liability under Title VII. *See Presutti v. Fel-*

ton Brush, Inc., 927 F.Supp. 545, 550 (D.N.H.1995); § 1981a(a)(1). Section 1981a and Title VII, therefore, are intertwined. Thus, it is logical to conclude that the principles underlying Title VII remedies also should guide interpretation of damages awards under § 1981a.

"The purpose of Title VII relief is to 'make whole' victims of unlawful discrimination." *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1363 (11th Cir.1994) (citations omitted). Courts are given broad discretion to award backpay, frontpay, reinstatement, or other forms of equitable relief in order to put the plaintiff in the position that he or she would have occupied if defendant had not discriminated against him or her. *See Virgo,* 30 F.3d at 1350; § 2000e–5(g)(1). In accord with those principles, damages awards under Title VII should not result in a "windfall" or "double recovery" to the plaintiff. *See Landgraf v. USI Film Products,* 511 U.S. 244, 253–55, 114 S.Ct. 1483, 1491, 128 L.Ed.2d 229, 245 (1994) (stating § 1981a provides that award of compensatory damages excludes backpay to prevent double recovery).

It follows, then, that a "windfall" or "double recovery" likewise is inappropriate under § 1981a. If the Court were to hold that Galliher may recover up to $300,000 in compensatory damages in each of her actions, a "double recovery" would result. Galliher cannot expect the Court to believe that the emotional pain and suffering that she claims to have endured due to Defendant's alleged acts of retaliation is separate and distinct from the emotional pain and suffering that she claims to have endured due to her wrongful discharge. Furthermore, if Galliher were to prevail on both of those claims at trial, she would not be permitted to recover duplicative awards of backpay or frontpay. Accordingly, assuming Galliher prevails on both of her Title VII claims at trial, she is entitled to receive only one award of compensatory damages, which is limited to $300,000 by the damages cap.

The conclusion that Galliher is entitled to receive only one award of compensatory

damages is further supported by policy reasons. The Court is not persuaded by Galliher's emphasis on the fact that she has two pending actions before the Court. At the time that Galliher filed her complaint in *Galliher I,* she properly could have included a claim for wrongful termination. Certainly, a plaintiff who chooses to set forth all of his or her bases for discrimination prohibited by Title VII in one action is entitled to receive the same amount of damages as a plaintiff who brings separate actions. If the Court were to adopt Galliher's interpretation of the damages cap, plaintiffs would have an incentive to bring separate Title VII actions for each alleged form of discrimination. Also, plaintiffs who opted to combine their Title VII claims in one action, in effect, would be penalized in the form of lesser compensatory damages. Ultimately, judicial economy and efficiency would be undermined if the Court were to adopt Galliher's interpretation of the damages cap.

Accordingly, the Court holds that a plaintiff who brings two separate Title VII actions, which are consolidated for purposes of trial, is entitled to recover only a single award of compensatory damages under § 1981a. If Galliher prevails on both her retaliation claim and wrongful discharge claim, thus, she may recover a maximum of $300,000 in compensatory damages.

Defendant's Motion for Partial Dismissal will be granted as to Galliher's claim that she is entitled to receive a maximum of $600,000 in compensatory damages.

### III. *Violation of EEO Regulations*

■ Galliher alleges in her complaint that Defendant violated her EEO rights as defined in 29 C.F.R. § 1614.[1] (Compl.¶ 10.) Defendant maintains that Title VII does not offer a cause of action for an alleged violation of a regulation and, therefore, the Court lacks jurisdiction over such claim. (Def.'s Br. in Supp. of Mot. for Partial Dismissal at 12.) Galliher counters that the alleged violation of her EEO rights is evidence of Defen-

---

1. 29 C.F.R. § 1614 provides, in detail, the process to be followed upon the filing of an EEO

complaint.

**1332**

dant's alleged retaliation, which gives the Court jurisdiction to consider the claim. (Br. in Supp. of Pl.'s Resp. to Def.'s Mot. for Partial Dismissal at 6.)

The Court is persuaded that Defendant's alleged violation of Galliher's EEO rights is probative of whether Defendant committed retaliatory acts against Galliher. Galliher claims in the instant action that she was forced to resign because of Defendant's alleged actions of gender discrimination and retaliation. The Court clearly has jurisdiction to consider the alleged violation of EEO rights in relation to Galliher's claim for wrongful discharge, and in that regard Defendant's Motion for Partial Dismissal will be denied. Insofar as any claim that the alleged violation of EEO rights provides an independent basis for Title VII liability, however, Defendant's Motion for Partial Dismissal will be granted.

### IV. *Other Claims*

Defendant's Motion for Partial Dismissal as to Galliher's claims brought under 42 U.S.C. § 1983; §§ 514 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794; and the First, Fifth, and Fourteenth Amendments to the United States Constitution will be denied as moot in light of the withdrawal of those claims by Galliher. *Galliher v. Rubin*, 969 F.Supp. 1329 (S.D.Ga.1997).

### *CONCLUSION*

The Court carefully has considered the positions and arguments of each of the parties. Defendant's Motion for Partial Dismissal is (1) **GRANTED** as to Galliher's claim that she is entitled to receive a maximum of $600,000 in compensatory damages under § 1981a, (2) **GRANTED IN PART** and **DENIED IN PART** as to the claim that Galliher's EEO rights were violated, and (3) **DENIED AS MOOT** as to the claims brought under 42 U.S.C. § 1983; §§ 514 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794; and the First, Fifth, and Fourteenth Amendments to the United

States Constitution. The Clerk is directed to enter the appropriate judgment.