**Virgil VULCU, Plaintiff,**

v.

**TRIONIX RESEARCH LABORATORY, INC., Defendant.**

**No. 5:95 CV 1625.**

United States District Court, N.D. Ohio.

Jan. 27, 1998.

William B. Shetler, Law Offices of William B. Shetler, Alliance, OH, Douglass P. Coble, Avon, OH, for Virgil G. Vulcu, M.D.

John W. Solomon, H. Alan Rothenbuecher, R. Scot Harvey, Brouse & McDowell, Akron, OH, for Trionix Research Lab, Inc.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion for Summary Judgment of Defendant, Trionix Research Laboratory, Inc. (Dkt.# 52).

Plaintiff, Virgil Vulcu alleges that Defendant terminated his employment because of a work-related back injury. Plaintiff seeks relief pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA"), and Ohio Rev.Code § 4112.02. Plaintiff further alleges that Defendant breached a contract to provide him with certain benefits. For the reasons stated below, the Court finds that Defendant's motion to be meritorious.

### STATEMENT FACTS

Defendant is in the business of selling sophisticated nuclear imaging systems. Plaintiff applied for employment with Defendant on or about January 6, 1992. On his application for employment, Plaintiff declared that he had no physical limitations which precluded him from performing work for Defendant. Plaintiff was hired on or about February 10, 1992. In December of 1992, Defendant's president, Dr. Chun Bin Lim, created the position of Clinical Marketing Manager and placed Plaintiff into this position.

Consistent with the representation he made on his application for employment, Plaintiff performed his job duties with Defendant without any apparent physical or medical limitations or restrictions. Moreover, Plaintiff never requested any accommodation to a physical or medical condition during his employment with Defendant. Likewise, Plaintiff had no record of a disability while he worked for Defendant.

On or about July 28, 1993, Plaintiff injured his back while lifting objects at work. As a result of this injury, Plaintiff was provided with an unrequested leave of absence. In addition, Dr. Lim provided Plaintiff with two weeks of sick pay, to which he was not otherwise entitled under Defendant's policy, and loaned Plaintiff the sum of $5,375.00 so as to help him financially until he began receiving worker's compensation payments.

However, by the fall of 1993, Defendant contends that it was in financial distress due to a lack of sales of its nuclear imaging systems. Consequently, Dr. Lim evaluated Defendant's organizational structure with the goal of reducing costs. Based upon Dr. Lim's evaluation, he decided to undertake a corporate restructuring which included a long-range reduction in Defendant's workforce. As part of Defendant's workforce reduction, Dr. Lim eliminated Plaintiff's position on November 8, 1993.

Until Plaintiff injured his back on July 28, 1993, he had performed his job duties without any apparent restrictions or limitations and had never requested any accommodation to a physical or medical condition.

### LAW

Fed.R.Civ.P. 56(c) governs summary judgment and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material tact and that the moving party is entitled to a judgment as a matter of law.

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the evidence submitted must be viewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

"The burden on the moving party may be discharged if the moving party demonstrates that the non-moving party has failed to establish an essential element of his or her case for which he or she hears the ultimate burden of proof at trial." *Morales v. American Honda Motor Co. Inc.*, 71 F.3d 531, 535 (1995). If the moving party meets this burden, then the non-moving party must present additional evidence beyond the pleadings. *Id.* The non-moving party must present more that a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless there is sufficient evidence favoring the non-moving party for a judge or jury to return a verdict for that party. *Id.* at 249.

### The ADA

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge ..." 42 U.S.C. § 12112(a). The Sixth Circuit recently set forth the standard applicable to ADA discharge claims:

> To recover on a claim of discrimination under the Act, a plaintiff must show that: 1) he is an individual with a disability; 2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged *solely by reason of his handicap.*

*Monette v. EDS Corp.*, 90 F.3d 1173, 1178 (6th Cir.1996) (emphasis added). *See also Maddox v. Univ. of Tenn.*, 62 F.3d 843, 846, n. 2 (6th Cir.1995).

The specific method of proof which applies under the foregoing framework will vary depending upon the type of ADA case involved. *Monette*, 90 F.3d at 1182–1185; *Burns v. City of Columbus*, 91 F.3d 836, 841–843 (6th Cir.1996) (analyzing the issue under the Rehabilitation Act, 29 U.S.C. § 794). Where the employer disclaims reliance upon the employee's alleged disability and there is no direct evidence that the employer discharged the employee solely because of the alleged disability, a three-part burden-shifting analysis, borrowed from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies. *Monette*, 90 F.3d at 1184–1186; *Burns*, 91 F.3d at 842–843. First, the plaintiff must establish a

*prima facie* case by proving five elements by a preponderance of the evidence:

1) he is disabled;

2) he is otherwise qualified for the position, with or without reasonable accommodation;

3) he suffered an adverse employment decision;

4) the employer knew or had reason to know of the plaintiff's disability; and

5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Monette,* 90 F.3d at 1185–1186.

If the plaintiff is able to prove all of these elements, the defendant—whose burden is only one of production, not persuasion—must offer a legitimate, nondiscriminatory reason for the discharge. *Monette,* 90 F.3d at 1186. Once such a reason is offered by the employer, the employee bears the ultimate burden of persuasion (which he retains at all times) to prove that he was discharged because of his disability. *Id.*

■ Plaintiff's claim fails under the foregoing standard because he cannot establish the first of the four essential elements of his *prima facie* case. Plaintiff cannot prove that he was "disabled" within the meaning of the ADA.

The ADA defines the term "disability" as (1) a physical or mental impairment that substantially limits one or more of the major life activities of the employee; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). The ADA defines neither "substantially limits" nor "major life activities," but the regulations promulgated by the EEOC under the ADA provide significant guidance.

Major life activities are functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 29 C.F.R. § 1630.2(i).

Furthermore, whether an impairment substantially limits a major life activity is determined in the light of (1) the nature and severity of the impairment, (2) its duration or

expected duration, and (3) its permanent or expected permanent or long-term impact. 29 C.F.R. § 1630.2(j). To substantially limit means: (i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, member or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630:2(j)(1)(i) and (ii).

Several courts have held specifically that back injuries of limited duration do not constitute a handicap within the meaning of the ADA. *Rakestraw v. Carpenter Co.,* 898 F.Supp. 386, 390 (S.D.Miss.1995). For instance, in *Paegle v. Dept. Of the Interior,* 813 F.Supp. 61 (D.D.C.1993), the plaintiff suffered a work-related back injury and was diagnosed by his physician with Degenerative Disc Syndrome. This condition caused the plaintiff to miss six months of work, during which his employer failed to promote him. The plaintiff sued under the Rehabilitation Act of 1973, 29 U.S .C. § 791 *et seq.* alleging that the employer failed to promote him because of his handicap. The court granted summary judgment for the employer because, *inter alia,* the plaintiff's back condition (although precluding him from working for six months) did not render him "handicapped" within the meaning of the Act.

> It is well established that the Act was never intended to apply to persons suffering from temporary conditions or injuries.... Because plaintiff never represented his back injury as anything but a temporary disablement, he cannot be considered "handicapped" under the first definition of that term.

*Paegle,* 813 F.Supp. at 64–65.

The same conclusion must follow here. Plaintiff suffered a temporary work injury which prevented him from working for a short period of time. His physician cleared him to work without restriction as of November 15, 1993. Accordingly, as in *Paegle,* Plaintiff was not disabled as this term is

defined under the ADA. *See also Presutti v. Felton Brush Inc.*, 927 F.Supp. 545, 548–550 (D.N.H.1995) (back injury resulting in a temporary leave of absence is not a "disability" under the ADA); *Richardson v. William Powell Co.*, 3 AD Cases 1751, 1755–1756 (S.D.Ohio 1994) (degenerative arthritic hip condition is not a disability under the ADA, especially where the employee's physician cleared her to work without restriction); *Jones v. Alabama Power Co.*, 3 AD Cases 1717, 1727–1728 (N.D.Ala.1995), *aff'd*, 77 F.3d 498 (11th Cir.1996) (work-related back injury is not a handicap under the Rehabilitation Act, especially in light of the plaintiff's position that she could return to work full duty); *Visarraga v. Garrett*, 2 AD Cases 1867, 1870, 1993 WL 209997 (N.D.Cal.1992) (back condition is not a handicap under the Rehabilitation Act, especially where the employee's physician considered the condition to be temporary during the relevant time period).

However, Plaintiff argues that he receives continuing treatment for his back injuries in the form of cortisone injections. Plaintiff concludes, therefore, that his back injury cannot be classified as "temporary" which distinguished his case from the cited cases.

However, this Court concludes that such treatment is insufficient to establish that Plaintiff is "disabled," i.e. that he is "substantially limited in one of his life activities." Plaintiff lists his inability to among other things "carry groceries, mow his lawn and wash his dog" as evidence of his disability. However, this Court interprets the term "substantially" to require far greater limitation on Plaintiff's ability to "perform manual tasks." A physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA. *Kelly v. Drexel Univ.* 94 F.3d 102, 108 (3rd Cir.1996) *citing Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir.1995). To rise to the level of a disability, an impairment must significantly restrict an individual's major life activities. Impairments that result in only minor limitations are not disabilities. 2 *EEOC Compliance Manual* § 902, 902–19.

Finally, Plaintiff cannot use Dr. Lim's awareness that Plaintiff had injured his back to create a genuine issue of material fact as to whether Dr. Lim "regarded" Plaintiff as disabled. *Kelly*, 94 F.3d at 109 ("we hold that the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action"). To the contrary, because Plaintiff never requested an accommodation and had been cleared to work without restriction by his physician, it is impossible to conclude that Dr. Lim "regarded" Plaintiff as disabled. *Presutti*, 927 F.Supp. at 549–550. *Richardson*, 3 AD Cases at 1756.

Therefore, it is the conclusion of this Court that Plaintiff has failed to show that he is "disabled" as defined by the ADA, and therefore cannot sustain a *prima facie* case of discrimination under that statute.

Finally, as the federal claims in this case have been resolved before trial, this Court declines to exercise supplemental jurisdiction over the remaining state claims asserted in Plaintiff's Complaint. 28 U.S.C. § 1367(c)(3); *See also Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992).

For the reasons stated above, Defendant's Motion for Summary Judgment (Dkt.# 52) is hereby **GRANTED**.

**IT IS SO ORDERED.**