**Rafael LOPEZ HERNANDEZ,
Plaintiff,**

v.

**The MUNICIPALITY OF SAN
JUAN, et al., Defendants.**

**Civil. No. 00–2441(JAG).**

United States District Court,
D. Puerto Rico.

May 14, 2002.

Marcos A. Rivera–Ortiz, Carolina, PR, for Plaintiff.

Magali B. Arrivi–Cos, Municipality of San Juan Office of Legal Affairs, Grisselle Gonzalez–Negron, Gloria Robison–Guarch, Department of Justice of Federal Litigation Division, Juan B. Soto–Balbas, Mercado & Soto, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Plaintiff Rafael López Hernández ("López") brought suit pursuant to 42 U.S.C. § 1983(for violation of his First Amendment rights), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Titles VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The named defendants are: the Municipality of San Juan, Hon. Sila Maria Calderón[2] ("the Mayor"), Dr. Ibrahim Perez ("Perez"), Jane Vega de Diaz("Vega"), Mirtha Ayala("Ayala"), Yolanda Cordero ("Cordero"), Carmen Graulau ("Graulau"), Aracelis Santiago ("Santiago"), all in their official and personal capacities.

Defendants Graulau, Ayala, Vega, Perez and Santiago filed a Motion to Dismiss (Docket Nos. 15, 19) alleging they could not be held individually liable under Title VII or ADA, that they could not be sued for monetary damages in their official capacity, that the plaintiff has no redress under § 1981, that the complaint is time barred, and that plaintiffs claim under State Law should be dismissed. Defendants the Municipality of San Juan, the Mayor, Vega, Ayala, Cordero, Graulau, and Santiago, only in their official capacity, filed another Motion to Dismiss under Rule 12(b)(6) (Docket Nos. 16, 20) alleging,

---

1. Britt E. Arrieta–Rivera, a second year student at University of Puerto Rico Law School, assisted in the research and preparation of this opinion.

2. In November, 2000 general elections were held in Puerto Rico and the Honorable Sila Maria Calderón, then Mayor of San Juan, was elected governor. The Honorable Jorge Santini was elected Mayor of San Juan. Pursuant to Fed.R.Civ.P. 25(d)(1), Mr. Santini has been automatically substituted for Mrs. Calderón in this suit. We shall continue to refer to "the Mayor" throughout this opinion.

*inter alia,* that the Complaint lacked the necessary facts to establish a cause of action under Title VII or ADA. Upon review of both motions, the Court **GRANTS** the motions to dismiss on the grounds that the defendants cannot be sued in their official capacity under 42 U.S.C. § 1983, there is no individual liability under Title VII or ADA, and plaintiff failed to state claims under Title VII, ADA, and 42 U.S.C. § 1981.

## FACTUAL AND PROCEDURAL BACKGROUND

López is over forty eight years old and works as a Cashier at the Municipal Hospital of the Municipality of San Juan since 1982[3]. (Docket 1, Complaint. p. 3–4,7). López has a diagnosed physiological condition, which is not identified in the Complaint. (*Id.*) All throughout his tenure at the Municipality, he has been an active member of the Puerto Rican Independence Party("PIP"). López alleges that, beginning in early 1984, and up to this date, defendants maliciously engaged in discriminatory practices against him due to his political beliefs and physical condition. (*Id.* at 4,5,7). López claims that he is qualified to perform the duties of his position and of other positions in the Municipality. (*Id.* at 7). López has sought promotion pursuant to the defendant's guidelines and policies but has been rejected on account of his disability in favor of other non-disabled applicants. (*Id.* at 7,8).

As a result of these discriminatory acts, López alleges he has suffered emotional and mental damages and that he has been deprived of income, prospective retirement benefits and other fringe benefits. (*Id.* at 6).

Defendants filed a motion to dismiss (Docket Nos. 15, 19) alleging that there is no individual liability under ADA, that they could not be sued for monetary damages in their official capacity, that the plaintiff has no redress under § 1981, that the complaint is time barred, and that plaintiff's claim pursuant to State Law should be dismissed. Furthermore, in another motion to dismiss (Docket Nos. 16, 20) the defendants alleged, *inter alia,* that the Complaint lacked the necessary facts to establish a cause of action under § 1983, Title VII, § 1981, and ADA.

Plaintiff opposed[4] the motions to dismiss pointing to additional facts which allegedly prove the discrimination. He also claimed that "[i]t is premature for the Court to render a judgment without giving the opportunity to plaintiff to present his case." (Docket 22, Opposition to Motion to Dismiss ¶ 3). Furthermore, he argued that the complaint had "the particulars necessary to established [sic] a bona-fide cause of action", and requested the Court continue with the proceedings and enter into the discovery phase. (*Id.*) Among the facts he proffers in his Opposition, López states that he placed a picture of his political idol, PIP militant Juan Antonio Corretjer, in his working area and was told to remove it immediately from the facilities. (Docket 22 at ¶ 1). This, he claims, was the starting point of the political discrimination against him. (*Id.*) Plaintiff further avers that this discrimination has rendered his life miserable to the point of developing a work-related organic condition, according

---

3. The Complaint does not specify whether López is presently working for the Municipality of San Juan. Plaintiff's Opposition to the Motion to Dismiss, Docket 22, does specify that López has been continuously working for the Municipality of San Juan. *Id.* at 2.

4. The plaintiff does not specify which Motion to Dismiss he opposes. The Court assumes he opposes both.

to the State Insurance Fund ("SIF"). The SIF prescribed him, among other things, a specific chair for his condition. (*Id.* at 2). López claims that after numerous requests, and after filing this Complaint, he received the special chair. (*Id.* at 2–3). The SIF had also indicated that because of his medication, he could not be switching shifts. (*Id.*) López alleges defendants Perez, Vega, Ayala, Cordero, Graulau and Santiago were always trying to have him change his shift to cover other employees' absenteeism. (*Id.* at ¶ 2). He further claims that defendants persecuted him by "auditing his time and attendance" which was not done to the rest of the personnel. (*Id.* at ¶ 3). Finally, he claims defendants made him visit a psychiatrist who later refused to give him copy of the file, alleging that it was the property of the Municipality of San Juan. (*Id.* at ¶ 3).

The defendants aver that López failed to set forth legal arguments in opposition to their motion to dismiss and that he did not effectively address the statute of limitations arguments inasmuch as he did not furnish the dates in which the discriminatory acts took place. (Docket 29, Reply to Plaintiff's Opposition to Motion to Dismiss, p. 2)[5].

## DISCUSSION

### I. *Motion to Dismiss*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts all well-pled factual allegation as true and draws all reasonable inferences in plaintiff's favor. *Tompkins v. United Healthcare of New England, Inc.,* 203 F.3d 90, 93

(1st Cir.2000); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n of New England Inc.,* 37 F.3d 12, 14 (1st Cir.1994); *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991). To survive a motion to dismiss the plaintiff must "set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Tompkins,* 203 F.3d at 93. Even when all inferences must be made in plaintiffs' favor, the Court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). The Complaint will be dismissed if under the facts alleged, the Court finds that the plaintiff will not "prevail on any possible theory." *Berezin v. Regency Sav. Bank,* 234 F.3d 68, 70 (1st Cir.2000); *Tompkins,* 203 F.3d at 93.

### II. *The 42 U.S.C. § 1983 political discrimination claim against defendants in their official capacity.*

With respect to López' 42 U.S.C. § 1983 claim against defendants Municipality of San Juan, the Mayor, Graulau, Cordero, Ayala, Vega, Perez, and Santiago in their official capacity, it is well established that the Eleventh Amendment bars a section 1983 action against a State, State Agency, or any State Official in his official capacity for monetary damages that would have to be paid from the state treasury. *See Wang v. New Hampshire Board of Registration in Medicine,* 55 F.3d 698, 700 (1st Cir.1995); *Vega Castro v. Puerto Rico,* 43 F.Supp.2d 186, 189 (D.P.R.1999). The Commonwealth of Puerto Rico enjoys the

---

**5.** The Plaintiff does not specify the dates on which the particular incidents of discrimination occurred. The Court, therefore, cannot properly assess whether his allegations are time barred. The record, however, includes a copy of a charge before the Puerto Rico Anti Discrimination Unit which indicates that the

date of the last discriminatory act was January 19, 2000. That charge was filed on April 24, 2000 and the Right to Sue letter issued on August 11, 2000. We will assume *arguendo* that plaintiff's administrative claims were timely filed and, therefore, not-time barred for decisional purposes.

full benefits of the Eleventh Amendment. *See Ursulich v. Puerto Rico Nat. Guard,* 384 F.Supp. 736, 737 (D.P.R.1974). Accordingly, López' 42 U.S.C. § 1983 claim against all defendants in their official capacity must be dismissed.

### III. *The Political Discrimination claim against defendants in their individual capacity.*

■ Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). To prevail on a political discrimination claim against defendants in their personal capacity, López must establish that: 1) he engaged in a constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting him. *See Mt. Healthy City School District Board v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471(1977); *Padilla–Garcia v. Guillermo Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000). To meet this burden, López must show that there is a causal connection linking defendants' conduct to López's political beliefs. *See LaRou v. Ridlon,* 98 F.3d 659, 662 (1st Cir.1996).

■ Here, López has failed to establish a causal connection between defendants' conduct and López' political beliefs inasmuch as the Complaint does not meet the heightened pleading requirement established by the United States Court of Appeals for the First Circuit in civil rights cases. *See Judge v. City of Lowell,* 160 F.3d 67(1st Cir.1998)(A bare conclusory allegation of an intent to discriminate is insufficient; specific non-conclusory facts from which such an intent may reasonably be inferred is required.); *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 19 (1st Cir.1989)("[M]erely juxtaposing the fact of one's [political affiliation] with an instance of discrimination is insufficient to state a claim.") Hence, to survive a motion to dismiss, López must set forth specific factual allegations supporting a causal link between defendants' conduct and his political affiliation. *Judge,* 160 F.3d at 76.

■ In the Complaint, López asserts he is a member of the Puerto Rico Independent Party (PIP); (Docket 1 at 3), Hence, he is engaged in a constitutionally protected conduct. He claims that due to his political affiliation, defendants discriminated against him by refusing to promote him, refusing to consider him for positions for which he was qualified, eliminating him without justification from the register of qualified individuals, stating offensive political slurs, denying him privileges, assigning him to unhealthy and hazardous working areas, and transferring him continuously, among other things. (Docket 1 at 4–6). The Complaint, however, does not provide factual allegations to support how these actions were based on political discriminatory considerations. In a motion to dismiss under Rule 12(b)(6) the Court's focus is "limited to the allegations of the complaint." *Litton Indus., Inc. v. Colón,* 587 F.2d 70, 74 (1st Cir.1978) (internal quotations omitted). In this case, the Complaint is devoid of facts that would minimally show how defendants' conduct was driven by a discriminatory animus. A plaintiff claiming a violation of civil rights "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." *Correa–Martínez v. Arrillaga–Belendez,* 903 F.2d 49, 53 (1st Cir.1990). The facts alleged "must specifically identify the particular instance(s) of discriminatory treatment and, as a logical exercise, adequately support the thesis that the discrimination was unlawful." *Id.* A careful reading of the

Complaint shows that the plaintiff has not alleged sufficient facts to show that the employer's actions were based any particular instances of political discrimination targeting Lopez.

In his Opposition to defendants Motion to Dismiss, López avers that defendants ordered him to remove a picture of his political idol from his working station. (Docket 22 at ¶ 1). This isolated allegation by itself or even taken with the others in the Complaint do not give rise to any reasonable inference that defendants could have been motivated by political discriminatory animus against López. Accordingly, inasmuch as López's pleadings have failed to meet the heightened pleading requirement established by the First Circuit in this type of action the Court must dismiss López's 42 U.S.C. § 1983 political discrimination claim.

### III. *Personal Liability under Title VII and ADA.*

██ Defendants Graulau, Ayala, Vega, Pérez and Santiago contend they cannot be sued in their personal capacities under Title VII and ADA. (Docket 15 at 3). Although the First Circuit has not decided the issue, this Court has followed the majority of the circuits in holding that no individual liability can attach to agents and supervisors. *See Vizcarrondo v. Board of Trustees of University of Puerto Rico*, 139 F.Supp.2d 198 (D.P.R.2001); *Julia v. Janssen, Inc.*, 92 F.Supp.2d 25, 28–29 (D.P.R.2000) (*citing Diaz v. Antilles Conversion & Export, Inc.*, 62 F.Supp.2d 463, 465 (D.P.R.1999)); *Sifre v. Department of Health*, 38 F.Supp.2d 91, 105–106 (D.P.R.

1999); *Vicenty–Martell v. Estado Libre Asociado de Puerto Rico*, 48 F.Supp.2d 81 (D.P.R.1999) [6]. Thus, plaintiff's Title VII and ADA claims against defendants in their individual capacity must be dismissed.

### III. *Hostile Work Environment under Title VII.*

██ To establish a hostile-work environment claim, a plaintiff must establish that:

"(1)[he] belongs to a protected group; (2)[he] was subjected to unwelcome harassment; (3) the harassment was based on [his political affiliation or beliefs]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action."

*Cruz v. Radtec, Inc.*, 70 F.Supp.2d 77, 82 (D.P.R.1999). The evaluation of whether conduct raises to the level of becoming a hostile-work environment must be done on a case-by-case basis.

██ López meets the first prong of the test, inasmuch as he belongs to a protected group. Viewing the Complaint in the light most favorable to López, although sorely lacking factual support, the Court will assume *arguendo* that López was subjected to unwelcome harassment based on his political affiliation. The plaintiff, however, would still fail the fourth prong of the test. He simply does not state nor explain how a term, condition or privilege of his employment has been affected. Neither does he show whether the employer, knew or

**6.** *See also Acevedo Vargas v. Colon*, 2 F.Supp.2d 203, 206–207 (D.P.R.1998); *Figueroa v. Fajardo*, 1 F.Supp.2d 117, 120 (D.P.R.1998); *Rodriguez v. Puerto Rico Marine Management, Inc.*, 975 F.Supp. 115, 120 (D.P.R.1997);; *Rivera Rodriguez v. Police Dep't of P.R.*, 968 F.Supp. 783, 785–786 (D.P.R.1997) *Moreno v. John Crane, Inc.*, 963 F.Supp. 72, 76 (D.P.R.1997) *Figueroa v. Mateco, Inc.,* 939 F.Supp. 106, 107 (D.P.R.1996); *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. 49, 50–51 (D.P.R.1996); *Flamand v. American Int'l Group, Inc.*, 876 F.Supp. 356, 361–64 (D.P.R.1994).

should have known, of the harassment, and failed to take remedial action.

The Complaint, therefore, does not set forth sufficient facts showing that López was subjected to an offensive or hostile work environment. Plaintiff's claim of hostile work environment must be dismissed.

### IV. *Americans with Disabilities Act*

■ To establish a *prima facie* case of discrimination under the ADA the Plaintiff must prove that: "(*l*)[he or] or she was disabled within the meaning of the ADA; (2)[he or] she was a qualified individual; and (3) he was discharged because of [his or] her disability." *Phelps v. Optima Health Inc.*, 251 F.3d 21 (1st Cir.2001). *See Kvorjak v. Maine*, 259 F.3d 48, 54 (1st Cir.2001); *Ward v. Mass. Health Research Inst., Inc.*, 209 F.3d 29, 32–33 (1st Cir. 2000).

#### A. Disabled withing the meaning of ADA.

■ The Act reads: "The term 'disability' means, with respect to an individual-(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(e)(2), (g)(1), (2), (3). To determine whether an individual suffers a disability within the meaning of ADA, the Court must ascertain: (1) whether the plaintiff has a physical or mental impairment; (2) whether the life activity upon which the plaintiff relies is identified, and it constitutes a major life activity under ADA; and (3) whether plaintiff's impairment substantially limits the major life activity previously identified. *Bragdon v. Abbott*, 524 U.S. 624, 632, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998); *Acevedo Lopez v. Police Dep't of P.R.*, 81 F.Supp.2d 293, 296 (D.P.R.1999).

■ López claims he suffers from a physiological condition. (Docket 1 at 3). This allegation alone, however, is not sufficient to establish a claim under ADA. López' ADA claim fails the first two parts of the test. He does not explain or show how his physiological condition is a physical or mental impairment under ADA. He also fails to identify a pivotal life activity and whether that life activity is considered a major life activity under the ADA. Prong three of the test depends on prongs one and two which are not met in this case. In light of the foregoing, López' ADA claim must be dismissed.

### V. *Failure to state a claim under 42 U.S.C. S1981.*

■ 42 U.S.C. § 1981, which prohibits racial discrimination, states, in pertinent part, that "[a]ll persons within the jurisdiction of the United State shall have the same right in every State and Territory . . . and to the full and equal benefit of all and proceedings . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981. The Complaint contains no reference to an act of race discrimination by any of the defendants. Accordingly, López's claim under 42 U.S.C. § 1981 must be dismissed.

### CONCLUSION

In light of the foregoing, the Court grants defendants' motion to dismiss (Docket Nos. 15, 16, 19, 20) and dismisses all federal claims against defendants with prejudice. The supplemental state claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), inasmuch as no federal claims to ground jurisdiction remain in this case.

IT IS SO ORDERED.