**Samuel A. MORALES PABON** Plaintiff

v.

**MOROVIS COMMUNITY HEALTH CENTER, Inc., et al.** Defendants

No. CIV.02–2520(SEC).

United States District Court, D. Puerto Rico.

March 17, 2004.

Maria J. Marchand–Sánchez, Esq., Ferraiuoli–Torres & Marchand, San Juan, PR, for Plaintiffs.

Enrique Vélez–Rodríguez, Esq., Victor M. Rivera–Torres, Esq., San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendants Morovis Community Health Center, Inc. (MCHC), José C. Román de Jesús, Manuel Díaz Collazo and their respective conjugal partnerships' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) (**Docket # 6**). Plaintiff has opposed said request (**Docket # 12**) and Defendants have replied (**Dockets ## 16 & 18**). After carefully examining the parties arguments and the applicable law, Defendants' motion will be **GRANTED**. However, the Court notes that for the reasons set herein the above captioned claim is being dismissed on grounds that were not raised in Defendants' motion.

### Background

Plaintiff filed the instant complaint alleging violations under the American with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101 *et seq.* and invoking this Court's supplemental jurisdiction for relief pursuant Puerto Rico Law 80, 29 L.P.R.A. § 185a *et seq.*, Law 44, 1 L.P.R.A. § 501 *et seq.*, and Law 115, 29 L.P.R.A § 194 *et seq.*

Plaintiff Samuel Morales Pabón suffers from Type 2 Diabetes or non-insulin dependent diabetes. He alleges that, because of his condition, Defendants first demoted him from his position as administrator of MCHC, reduced his work day from 8 working hours to 6½ hours, made him punch an attendance card, deprived him of the benefit of having an assigned parking space and a secretary, moved him into a small office with no windows and insufficient air conditioning, made rude remarks about his health condition and even-

tually terminated him from his employment. As result of Defendants' actions, Plaintiff allegedly suffered anxiety and depression.

Defendants have moved for the dismissal of Plaintiff's claims on several grounds. First, all Defendants argue that Plaintiff's claims should be dismissed on the basis of *res judicata* or the judicial and/or collateral estoppel doctrines since Plaintiff has allegedly already litigated the same facts and issues in a previous action filed before the Commonwealth's First Instance Court, Arecibo part. In addition, Co-defendants Román de Jesús and Díaz Collazo argue that the definition of "employer" under the ADA and Law 115 does not apply to them and therefore, they cannot be held liable under said statutes. Finally, all Defendants contend that Law 80 is inapplicable and barred by claim preclusion since: 1) Law 80 contemplates relief for employees who work for an undetermined period of time and, in the instant case Plaintiff was under a two year contract and, 2) the Commonwealth's courts already held that Plaintiff and Defendant MCHC had entered into a two year work contract.

On the other hand, Plaintiff argues that his claims are not barred by either *res judicata* or estoppel doctrines since the complaint filed before the Commonwealth court was filed exclusively against MCHC and only contemplated a cause of action for violation of article 5(a) of the Workmen's Compensation Act. Plaintiff also contends that the rights and duties in the case before the Commonwealth's court are totally different from the ones invoked in the instant case. Additionally, he argues that he expressly stated in his claim that he reserved the right to file any further claims before any other local or federal forum. Finally, regarding Defendants Román de Jesús and Díaz Collazo, Plaintiff does not contest that the ADA is inapplica-

ble to them. However, Plaintiff argues that under Law 115's definition of "employer," which includes the term "employer's agent," Defendants Román and Díaz must be held liable since said individuals must be considered agents of MCHC since, at the time of the alleged incidents, they acted as President of the Board of Directors and Executive Director of MCHC respectively.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education*, 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v.*

*Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) *citing Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

**Applicable Law and Analysis**

The American with Disabilities Act of 1991(ADA)[1] prohibits, *inter alia*, certain types of discrimination in the workplace against an otherwise qualified individual with a disability. 42 U.S.C. §§ 12101 *et seq.* Under the Act, the plaintiff bears the initial burden of establishing each element of his or her claim for disability discrimination. *See Cook v. State of Rhode Island*, 10 F.3d 17, 22 (1st Cir.1993). Once the plaintiff has done this, the burden shifts to the defendant to produce evidence showing that his or her actions were based on nondiscriminatory reasons. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If

---

**1.** To a great extent, employment provisions of the ADA merely follow regulations issued by the Equal Employment Opportunity Commission (EEOC) implementing the public-sector prohibitions against disability discrimination found in the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Therefore, federal courts can look to decisions interpreting those regulations for clues as to the meaning of the same terms in either statute. *Vande Zande v. State of Wis. Dept. of Admin.*, 44 F.3d 538 (7th Cir.1995).

the defendant produces such evidence, then the plaintiff must show that the sole reason for defendant's adverse employment decision was discrimination. *Id.* The specifications of the *prima facie* proof vary depending on the nature of the discrimination claim. *See id.* at 802 n. 13. In general, however, to state a *prima facie* case of disability discrimination, the plaintiff must show (1) that he has a disability within the meaning of the Act; (2) that, with or without reasonable accommodations, he can perform the essential functions for the position he holds; and (3) that he was discriminated against because of her disability. *Lopez Hernandez v. Municipality of San Juan,* 206 F.Supp.2d 243 (D.Puerto Rico 2002); *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278 (11th Cir.1997); *Pritchard v. Southern Co. Services,* 92 F.3d 1130, 1132 (11th Cir.1996) *amended on reh'g,* 102 F.3d 1118 (11th Cir.1996). In a disability discrimination case, therefore, the plaintiff must establish the crucial element that he/she is disabled within the meaning of the Act. *See Cruz v. McAllister Brothers, Inc.,* 52 F.Supp.2d 269, 279 (D.P.R.1999) *citing Arnold v. United Parcel Service,* 136 F.3d 854, 856–59 (1st Cir.1998).

In general, the term "disability" as it is used in the statute refers to a condition that has "substantially limited" a "major life activity." *See,* 29 C.F.R. § 1614.203(a)(i); *Tardie v. Rehabilitation Hospital,* 168 F.3d 538 (1st Cir.1999). An individual may be considered disabled under the ADA when he/she has: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) is regarded as having such impairment." 42 U.S.C. § 12102(2). Although the Act does not define "major life activities," the Court may rely on the EEOC Regulations, which define the term as " 'functions such as

caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' " *Bolton v. Scrivner, Inc.,* 36 F.3d 939, 942 (10th Cir.1994) *quoting* 29 C.F.R. § 1630.2(i).

The concept "substantially limits" refers to the extent to which an impairment interferes with a major life activity. *See* 29 C.F.R. § 1630.2(j). Therefore, not only must the impairment affect a major life activity, but it must also substantially limit it. In particular, being substantially limited refers to being "(i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner, or duration under which an individual can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). In addition, the following factors are considered to determine whether or not a major life activity is substantially limited: the nature and severity of the impairment, the length of time which the impairment is expected to continue, and whether or not the impairment can be characterized as a long-term condition. *See* 29 C.F.R. § 1630.2(j)(2); *see also, Katz v. City Metal Co., Inc.,* 87 F.3d 26, 31 (1st Cir.1996) and *Pollard v. High's of Baltimore, Inc.,* 281 F.3d 462 (4th Cir.2002). Determining whether a major life activity is substantially limited is a fact-specific analysis which the plaintiff must satisfy. *See Colwell v. Suffolk Police Dept.,* 158 F.3d 635 (2nd Cir.1998).

A disability, as mentioned before, can arise from a physical or mental impairment. "Physical or mental impairment" includes disorders and conditions "whose precise nature [are] not at present known." 29 U.S.C. § 794(a). Whether an individual's alleged disability substantially limits one or more or his major life activities is evaluated on a case by case basis. *See* 29 U.S.C. § 706(2). As already discussed,

"major life activities" have been defined as functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See* 29 C.F.R. § 1630.2(i); *see also Katz,* 87 F.3d at 31. To be substantially limited in performing these activities, an individual must be "unable to perform a major life activity that the average person in the general population can perform," or be "significantly restricted" in his performance of that activity. *See* 29 C.F.R. § 1630.2(j)(1).

■ Mental illness could be a disability under the Act only under certain circumstances. For instance, in *Boldini v. Postmaster General, U.S. Postal Service,* 928 F.Supp. 125 (D.N.H.1995), the Court found the plaintiff to be handicapped because a physician diagnosed him with major depression and a personality disorder, and prescribed him an antidepressant. *Boldini,* 928 F.Supp. at 130. Temporary conditions, however, generally do not render someone "handicapped" under the Act. *See Presutti v. Felton Brush, Inc.,* 927 F.Supp. 545, 550 (D.N.H.1995); *see also Grimard v. Carlston,* 567 F.2d 1171, 1174 (1st Cir.1978). In the instant case, Plaintiff states that he sought medical treatment for his depression and anxiety through the State Insurance Fund (SIF). He alleges that he was unable to work for **some time** but recovered and received clearance from the SIF to return to work. Such a temporary illness does not meet the Act's definition of a disability. *See Pollard,* 281 F.3d 462. An essential aspect of a claim under the Act requires that a plaintiff's "disability" or "handicap" be permanent or long-term in nature.

Furthermore, in *Toyota Motor Manufacturing v. Williams,* 534 U.S. 184 at 198, 122 S.Ct. 681, 151 L.Ed.2d 615, (2002), the Supreme Court recently adopted a narrow

definition of the language "substantially limited" a "major life activity":

> To be substantially limited in the specific major life activity of performing manual tasks, therefore, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long-term.

■ To summarize, in order to determine whether an individual suffers disability within the meaning of the ADA, the district court must ascertain whether: (1) plaintiff has a physical or mental impairment, (2) the life activity upon which plaintiff relies is identified, and whether it constitutes a major life activity under the ADA, and (3) plaintiff's impairment substantially limits the major life activity previously identified. *Lopez Hernandez,* 206 F.Supp.2d at 250. The fact of merely having an impairment does not make one disabled for purposes of the ADA. *Toyota Motor,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615. In the instant case, Plaintiff has failed to prove that he is disabled within the meaning of the Act. He has not even generally alleged that his diabetic condition or mental disability has limited some aspect of his major life activities. Plaintiff has not specified in any way whatsoever which of his major life activities has been substantially limited or affected for an extended period of time. In fact, Plaintiff has produced no allegation stating that he was unable to work or perform his duties; suffers from anxiety attacks or constant depression; is substantially incapable of taking care of himself or is unable to relate to other people.

■ Although Defendants make no reference to Plaintiff's failure to plead a disability under the ADA, we feel compelled to raise this issue *sua sponte* due to

the fact that this Court's subject matter jurisdiction essentially rests upon the validity of Plaintiff's ADA claim. A court *sua sponte* must always take note of its own lack of jurisdiction. *Marquez v. Aviles,* 252 F.2d 715 at 718 (1st Cir.1958); *Hadge v. Second Federal Sav. & Loan Assn. of Boston,* 409 F.2d 1254 (1st Cir.1969)(dismissing complaint *sua sponte* for lack of subject matter jurisdiction). A *sua sponte* dismissal of a complaint is appropriate where the complaint is frivolous on its face. *See McGore v. Wrigglesworth,* 114 F.3d 601 at 609 (6th Cir.1997); *Marcum v. Oscar Mayer,* 187 F.3d 636, 1999 WL 617996 (6th Cir.1999) (affirming district court's *sua sponte* dismissal of plaintiff's ADA claim).

The U.S. Supreme Court held in *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), that the summary dismissal, *sua sponte,* of an indigent's complaint is appropriate under 28 U.S.C. § 1915(d) only when the "claim is based on an indisputably meritless legal theory." Following this line of thought, the Court of Appeals for the First Circuit has ruled that *pro se* and in *forma pauperis* complaints should not be summarily dismissed under § 1915(d) without first providing notice and an opportunity to respond, unless the claim was based on an indisputably meritless legal theory or factual allegations that are clearly baseless. *Street v. Fair,* 918 F.2d 269 (1st Cir.1990), *Forte v. Sullivan,* 935 F.2d 1 (1st Cir.1991); *Purvis v. Ponte,* 929 F.2d 822 (1st Cir.1991).

■ The Court of Appeals for the Tenth Circuit has also held that a *sua sponte* dismissal of a *pro se* complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Whitney*

*v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir.1997) (quotation omitted). When reviewing the propriety of a dismissal for failure to state a claim, this court must construe a *pro se* litigant's complaint liberally, must accept the allegations in the complaint as true, and must construe the allegations and any reasonable inferences that might be drawn from them in the light most favorable to the plaintiff. *See Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir.2002). *See also Phibbs v. American Property Management,* 60 Fed.Appx. 738, 2003 WL 1384040 (10th Cir.2003).

We find the preceding case law particularly relevant to the matter at hand. In contrast with the previously cited cases, in the instant case Plaintiff has had the benefit of litigating his ADA claim through an attorney. Although this Court has construed the allegations in the complaint in the light most favorable to him and has drawn all possible reasonable inferences in his favor, we conclude that it is patently obvious from the complaint that Plaintiff could not prevail on the facts alleged, and that even allowing an opportunity to amend the complaint would be futile. We explain.

Plaintiff's allegations regarding his diabetic condition are limited to the following: (1) vision problems, (2) tingling and loss of feeling in his feet, (3) leg pain, (4) tiredness, (5) sleepiness and irritation, (6) increased thirst, (7) increased need to urinate and, (8) depression. *See* **Complaint at p. 4 ¶ 15 (Docket # 1)**. Although some courts have found that on occasions diabetes may constitute a disability under the ADA, they have still required specific facts sufficient showing that the plaintiff's diabetes constitutes a "disability" which brings him/her within the protections of the ADA. *See Arnold v. United Parcel Service, Inc.,* 136 F.3d 854 (1st Cir.1998); *Carlson v. Rent–A–Center, Inc.,* 237 F.Supp.2d 114

(D.Me.2002); *McCusker v. Lakeview Rehabilitation Center,* 2003 DNH 158, 2003 WL 22143245, 2003 U.S. Dist. LEXIS 16340 (D.N.H.2003). In the case at hand, Plaintiff has completely failed to specify how the previously enumerated ailments resulting from his diabetic condition amount to a "disability" under the scope of the Act. Even more, we note that the complaint has set forth facts indicating that Plaintiff's condition was not continuous and did not substantially affect his work. Claimant stated in the complaint that the SIF authorized him to return to work and that his psychiatrist certified that he could also return to work. *See* **Complaint at pp. 6 & 7 ¶ ¶ 30 & 36.** The record is devoid of any evidence indicating that the authorizations to return to work were contingent to any limitations as to Plaintiff's job duties or life activities. Therefore, we find that, even if we allow Plaintiff to amend the complaint, the facts already set forth clearly indicate that at the moment the acts alleged in the complaint occurred, Plaintiff was not disabled within the meaning of the ADA. In sum, Plaintiff has failed set forth a cognizable cause of action under the ADA and hence, his complaint must be **DISMISSED.**

### Supplemental Jurisdiction

Since this is not a diversity case, the power of the federal court to hear and to determine state law claims depends on the presence of at least one substantial federal claim in the lawsuit. *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1998) (emphasizing that exercise of pendent jurisdiction is at the district court's discretion). In the case at hand, federal jurisdiction hinges only on the above mentioned federal claim against Defendants. Since Plaintiff's federal claim will be dismissed, we will exercise our discretion and not extend our supplemental jurisdiction over Plaintiff's Commonwealth claim against Defendants and, therefore, they will be **DISMISSED WITHOUT PREJUDICE.**

### Conclusion

For the reasons set herein, Plaintiff's claim under the American with Disabilities Act and under the Laws of the Commonwealth of Puerto Rico are **DISMISSED WITHOUT PREJUDICE.** Judgment will be entered accordingly.

### SO ORDERED.