**Wizeida LOPEZ–CRUZ, Plaintiff,**

v.

**INSTITUTO DE GASTROENTEROLOGIA DE P.R, S.R.L., Defendants.**

**Civil No. 12–2004(ADC).**

United States District Court,
D. Puerto Rico.

Aug. 16, 2013.

Richard Schell–Asad, San Juan, PR, for Plaintiff.

Andrew Jimenez–Cancel, Heidi Miranda–Broco, San Juan, PR, for Defendants.

*OPINION · AND ORDER*

AIDA M. DELGADO–COLÓN, Chief Judge.

This case concerns plaintiff Wizeida López–Cruz's ("López") termination from her employment as a nurse with defendant Instituto de Gastroenterología de PR (the "Institute") after López requested an accommodation for her allergy to Cidex, a chemical disinfectant. López alleges that her termination was in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 and various Commonwealth of Puerto Rico laws. **ECF No. 1.** Pending before the Court is the Institute's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (**ECF No. 8**) and López's response thereto (**ECF No. 10**). For the reasons discussed below, the Institute's motion to dismiss (**ECF No. 8**) is **DENIED.**

## I. Background

The following facts, which are assumed to be true, are drawn from the complaint (**ECF No. 1**):

López is a resident of Bayamón, Puerto Rico. **ECF No. 1** at ¶ 3. López suffers from respiratory problems, a condition for which she regularly takes medication and needs regular medical checkups. *Id.* at ¶ 8. On June 25, 2011, López began working as an Associate Degree Nurse at the Institute. *Id.* at ¶ 9. After López completed a 90–day probationary period, she became a full-time employee with benefits. *Id.* López reported directly to the Institute's Executive Administrator, Dr. Fernando Ramos ("Dr. Ramos"). *Id.* at ¶ 10.

As part of López's duties at the Institute, she was required to clean colonoscopy equipment using Cidex, a chemical disinfectant.[1] *See id.* at ¶¶ 11–13, 15. In No-

---

1. It appears that cleaning the colonoscopy equipment was not originally part of López's duties. *See id.* at ¶ 11.

vember of 2011, López told Dr. Ramos and Mr. Prudencio Laureano, the Institute's Executive Administrator, that her exposure to Cidex was affecting her respiratory tract, and was causing extreme coughing and difficulty breathing. *Id.* at ¶ 11. López asked to cease cleaning the colonoscopy equipment. *Id.* at ¶ 11. The Institute rejected López's request. *Id.* at ¶ 12.

In December of 2011, López went to the Emergency Room because of the respiratory problems. *Id.* at ¶ 12. After the visit to the Emergency Room, Dr. Villafañe,[2] a partner at the Institute, recommended altering López's work schedule to avoid cleaning the colonoscopy equipment. *Id.* at ¶ 13. Nevertheless, the Institute did not follow Dr. Villafañe's recommendation—López continued cleaning the colonoscopy equipment. *Id.* at ¶ 13.

On February 3, 2012, López gave the Institute a medical certificate from her physician. *Id.* According to the certificate, López was suffering from cardio-pulmonary symptoms secondary to Cidex inhalation. *Id.* at ¶ 14. López's physician ordered her to avoid contact with Cidex. *Id.* at ¶ 14. As the Institute did not respond to either the certification or order, López continued working and being exposed to Cidex. *Id.* at ¶ 15. Four days after López provided the Institute with the medical certification and order, on February 7, 2012, the Institute terminated López. *Id.* at ¶ 16.

López filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued a "right to sue" letter on September 14, 2012. *Id.* at ¶ 21. López then commenced this action on December 10, 2012.

## II.  Standard of Law

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "take as true all well-pleaded allegations and draw all reasonable inferences in the plaintiff's favor." *Ezra Charitable Trust v. Tyco Int'l, Ltd.,* 466 F.3d 1, 5–6 (1st Cir.2006). The inquiry is therefore limited to facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir.2003); *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."). "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." *Cordero–Hernández v. Hernández–Ballesteros,* 449 F.3d 240, 244 n. 3 (1st Cir.2006). However, plaintiff "must allege 'a plausible entitlement to relief.'" *Rodríguez–Ortíz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Although the litigants in this case both speak in terms of a *prima facie* case, **ECF No. 8** at 3 and **ECF No. 10** at 8, the Court keeps in mind that the First Circuit Court of Appeals recently reiterated that the term *prima facie* is not a pleading standard. *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 51 (1st Cir.2013). Rather, the *prima facie* case is an evidentiary model. *Id.* Thus, a plaintiff, such as López, need not "plead facts sufficient to establish a prima facie case at the pleading stage." *Id.* (citing *Swierkiewicz v. Sorema,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Instead, "the elements of a prima facie case may be used as a

---

**2.** The complaint omits Dr. Villafañe's first name.

prism to shed light upon the plausibility of the claim." *Id.*

## III. Discussion

López argues that the Institute unlawfully discharged her because she suffers from respiratory problems and cardio-pulmonary symptoms secondary to Cidex inhalation. The ADA provides that an employer may not discriminate against a qualified employee because of their disability. 42 U.S.C. § 12112(a).[3] To state a claim under the ADA, López must plausibly plead that she: (1) was disabled; (2) able perform the essential functions of her job, with or without an accommodation; and (3) was discharged because of her disability. *Roman–Oliveras v. P.R. Elec. Power Auth.,* 655 F.3d 43, 48 (1st Cir.2011)(internal citations omitted). The first two elements are at issue. **ECF No. 8 at 3–7.**

The ADA defines a disability as, *inter alia,* "a physical or mental impairment that substantially limits one or more major life activities...."[4] 42 U.S.C. § 12102(1)(A). Thus, the disability inquiry is divided into three parts: whether (1) Lopez's respiratory problems constitute a physical or mental impairment; (2) breathing constitutes a major life activity; and (3) López's respiratory problems substantially limit her ability to breathe.[5] *Bailey v. Georgia–Pacific Corp.,* 306 F.3d 1162, 1167 (1st Cir.2002). The parties do not dispute that López sufficiently pleads that her respiratory problems and cardio-pulmonary symptoms constitute a physical impairment within the ADA's purview.[6] Rather, the Institute alleges that López fails to identify a major life activity, and, even if she does, López fails to plead the degree and severity to which her respiratory problem limits a major life activity. **ECF No. 8 at 4.**

The ADA states that a major life activity includes breathing, 42 U.S.C. § 12102(2)(A), and respiratory functions, 42 U.S.C. § 12102(2)(A). *See also* 29 C.F.R. § 1630.2(i)(1)(I)-(ii). Thus, López plausibly pleads a major life activity when she avers that her respiratory problems and cardio-pulmonary symptoms include difficulty breathing and "extreme coughing." The Court assumes that the Institute sees the folly in its argument that "[t]he reader of the complaint is inevitably forced to guess which, if any, of Plaintiff's major life activities is affected by her *respiratory* problems," when, in the following sentence, the Institute rhetorically asks, "[c]ould it be her ability ... [to] *breathe* ?" **ECF No. 8 at 5** (emphasis added).

■ López also plausibly pleads that her ability to breathe was substantially limited. EEOC regulations state that a major life activity is substantially limited if an impairment "substantially limits the ability of an individual to perform a major

---

**3.** 42 U.S.C. § 12112(a) provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

**4.** The term disability also includes individuals with "a record of such an impairment," or an individual "being regarded as having such an impairment...." 42 U.S.C. § 12102(1)(B)-(C).

**5.** Whether an individual is disabled within the meaning of the ADA is to be determined on a case-by-case basis, *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 566, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999), and should be "construed in favor of broad coverage ...," 42 U.S.C. § 12102(4)(A). *See also* 29 C.F.R. § 1630.2.

**6.** The Court, at present, does not take a position regarding whether "pulmonary symptoms" and "respiratory problems" constitute an impairment as the issue was not raised by the parties.

life activity as compared to·most people in the general population."[7]  29 C.F.R. § 1630.2(j)(ii).  Here, the complaint plausibly pleads that López's breathing was substantially limited when it states that her respiratory problems cause "extreme coughing and difficulty breathing," and are so bad that López left work for the Emergency Room, was ordered by a physician to avoid contact with Cidex, requires López to take medication and undergo regular medical checkups[8] *Cf., Gil v. Vortex, LLC,* 697 F.Supp.2d 234, 239–40 (D.Mass.2010)(finding that the plaintiff pled a substantial limitation of a major life activity where the plaintiff states that his complete blindness in one eye inhibits his ability to see and work); *Siaca v. Autoridad de Acueductos y Alcantarillados de P.R.,* 160 F.Supp.2d 188, 196 (D.P.R.2001)(holding that the plaintiff sufficiently pled a physical impairment that substantially limits a major life activity where the plaintiff "avers suffering from 'continuous nasal congestion, hyperemia, throat granules, sinus pains, being nodale, chronic sinusitis, rinofaringitis, respiratory and skin problems.'"); *see* 29 C.F.R. § 1630.2(j)(1)(ii)("An impairment need not prevent, or significantly restrict, the individual from performing a major life activity in order to be considered substantially limiting.").  The liberal pleading and "substantial limitation" standards buttress the Court's conclusion.  The "substantially limited" standard is not demanding, is to be "construed broadly in favor of expansive coverage ...," and "should not demand extensive analysis."  29 C.F.R. § 1630.2(1)(i),(iii); *see Gillen v. Fallon Ambulance Serv., Inc.,* 283 F.3d 11, 24 (1st Cir.2002)(noting that even at the summary

**7.** The ADA does not define the term "major life activities."  Courts may rely on EEOC regulations in determining the definition of the term.  *Morales–Pabón v. Morovis Cmty. Health Ctr., Inc.,* 310 F.Supp.2d 411, 415 (D.P.R.2004)(internal citations omitted).

**8.** A number of courts conclude that an individual does not suffer a disability when an impairment only manifests itself when the individual is exposed to an allergen at work.  *See e.g., Muller v. Costello,* 187 F.3d 298, 314 (2d Cir.1999)("a substantial physical activity without encountering debilitating allergens cuts against his claim of disability."); *Land v. Baptist Med. Ctr.,* 164 F.3d 423, 425 (8th Cir.1999); *Miles–Hickman v. David Powers Homes, Inc.,* 589 F.Supp.2d 849, 861 (S.D.Tex.2008)(collecting cases); *Gits v. Minn. Min. & Mfg. Co.,* No. 99–1925, 2001 WL 1409961 at *6 (D.Minn. June 15, 2001); *Watson v. Hughston Sports Med. Hosp.,* 231 F.Supp.2d 1344, 1349 (M.D.Ga.2002); *Marshall v. AT & T, Inc.,* No. 94–858, 1996 WL 929599, at *3 (N.D.Tex. Aug. 13, 1996).  Nevertheless, at present, the Court need not reach the issue.  Firstly, the Institute has not argued that López's complaint must be dismissed because the complaint only indicates that López's respiratory problems manifest themselves when she is exposed to Chemix at work.  Secondly, the aforementioned cases were all decided at the summary judgment stage, rather than the motion to dismiss stage.  A more developed record is needed to determine whether López suffers respiratory problems even when she is not exposed to Cidex.  Finally, the aforementioned cases were decided prior to the ADA being amended by the ADA Amendments Act of 2008 ("ADAA").  Whereas the Supreme Court has previously concluded that the ADA's disability requirement must be "interpreted strictly to created a demanding standard," *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), the ADAA was designed to enlarge the scope of recognized disabilities.  *Faiola v. APCO Graphics, Inc.,* 629 F.3d 43, 47 n. 4 (1st Cir.2010)("The ADA Amendments Act of 2008 ..., has since expanded the definition of 'disability' from that laid out in *Toyota.*"); *Vortex,* 697 F.Supp.2d 234, 237–239 (D.Mass.2010).  Specifically, the ADAA provides that the disability inquiry is to be made without consideration of "the ameliorative effects of mitigating measures," 42 U.S.C. § 12102(4)(E)(I), and that an impairment occurring episodically may be considered a disability if it substantially limits a major life activity when active, 42 U.S.C. § 12102(4)(D).

judgment stage, "evidence needed to establish the limiting qualities of a particular impairment ... need not necessarily be composed of excruciating details as to how the plaintiff's capabilities have been affected by the impairment." (internal citations omitted)). Likewise, to survive a motion to dismiss for failure to state a cause of action, a complaint, when read cumulatively, need only "enough detail to provide a defendant with fair notice of what the ... claim is and the grounds upon which it rests" and need only be plausible on its face. *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 12, 14 (1st Cir.2011)(internal citations and quotations omitted)(check). Moreover, "there is no need to set forth a detailed evidentiary proffer in a complaint." *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 54 (1st Cir. 2013). Accordingly, López plausibly pleads that she has a disability within the scope of the ADA.

■ López has one more hurdle. To state a claim under the ADA, López must also plead that she is qualified to perform the essential functions of her job, with or without a reasonable accommodation. Here, López's complaint is sufficient because it pleads that she performed her duties in an acceptable manner, met or exceeded the Institute's expectations without any type of accommodations and was never reprimanded. **ECF No. 1** at ¶ 17. Indeed, López pleads that she successfully completed her 90–day probationary period at the Institute.

The Institute contends that it could not have discriminated against López because she admits that cleaning the colonoscopy equipment was outside the scope of her duties. **ECF No. 8** at 7 ("Plaintiff cannot seek the protection of the ADA since she is pleading difficulty performing a task that is not part of her duties (i.e., cleaning colonoscopy equipment), and therefore does not meet the definition of essential functions."). The Court is confused by the Institute's argument and how it fits into the "essential functions" analysis, especially in light of the Institute's failure to develop the argument beyond a single sentence and failure to provide any authority. Moreover, the Institute's argument cherry-picks the complaint. López pleads, on at least two occasions, that the Institute, in spite of her requests to be relieved from such task, required López to clean the colonoscopy equipment. *See e.g.,* **ECF No. 1** at ¶ ¶ 12, 13 ("Defendant did not accept Plaintiff's request and continued to require her to be exposed to the chemical Cidex."). Indeed, the gravamen of the complaint is that the Institute refused to remove cleaning the colonoscopy equipment with Cidex from López's duties.

Accordingly, López sufficiently alleges that she has a disability within a meaning within the scope of the ADA and that she is qualified to perform the essential functions of her job. Inasmuch as López also sets forth claims rooted in Puerto Rico Law, the Court retains supplemental jurisdiction over those claims.

## IV. Conclusion

For the reasons discussed above, the Institute's motion to dismiss (**ECF No. 8**) is **DENIED.** The parties are to submit a Joint Proposed Pre–Trial Schedule, which must include proposed times to conclude discovery (including depositions), file dispositive motions, hold status, settlement and pre-trial conferences, amend or add parties, and recommend dates to hold trial. The parties are granted until **August 26, 2013** to comply. Failure to comply will result in sanctions.

**SO ORDERED.**